UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JA'VEL COLEMAN                                CIVIL ACTION NO. 24-cv-512

VERSUS                                        JUDGE S. MAURICE HICKS, JR.

BURLINGTON INSURANCE CO ET AL                 MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Ja'Vel Coleman ("Plaintiff") was injured in an auto accident and filed suit in state court against three defendants. Tara National, Inc., one of the defendants, filed a notice of removal based on diversity jurisdiction. Before the court is Plaintiff's Motion to Remand on the grounds that one of the served defendants, the driver of the other vehicle, did not join in or timely consent to the removal. Tara National argues in opposition that (1) the driver was not served prior to removal and (2) even if the driver was served there are exceptional circumstances present that warrant overlooking the procedural deficiency. For the reasons that follow, which include a finding that driver was not properly served prior to removal, it is recommended that the motion to remand be denied.

### Relevant Facts

Plaintiff's state court petition alleged that she was driving a Chevrolet Equinox on Interstate 20 when she drifted slightly to the right toward the shoulder and encountered an 18-wheeler that was (allegedly) illegally parked in violation of state law. Plaintiff alleged that the driver had parked the tractor-trailer rig the night before and was asleep in the cab.

Plaintiff's right front bumper impacted the left rear bumper of the trailer, resulting in serious injuries to Plaintiff.

The accident report included a space for the first, middle, and last names (in that order) of the truck driver. The police officer who completed the report listed the truck driver as Saint Fleur Mackerson. Plaintiff's petition named as defendants Saint Fleur Mackerson, Tara National, and the Burlington Insurance Company. The petition alleged that Mackerson was negligent and that the other two defendants were solidarily liable with him (but it did not explain the connection of the other defendants to the case or allege any basis for their fault). A post-removal amended complaint (Doc. 16) alleged that the truck driver was in the course and scope of his employment with Tara National and that Navigators Insurance Company (which replaced Burlington as a defendant) was an insurer that provided coverage for the accident.

The truck driver has since appeared in the case and, through counsel, represented that his name is actually Marckson Saint Fleur, not Saint Fleur Mackerson. Doc. 24. Before this was known, Plaintiff's counsel apparently relied on the accident report for the name of the driver and obtained from the state clerk of court a Louisiana long arm citation directed to Saint Fleur Mackerson at an address in Florida that was listed in the accident report. Plaintiff's counsel filed an affidavit of service (Doc. 22-2) that alleged he mailed certified copies of the citation and petition to Mackerson at the Florida address by certified mail, and postal service records reflect that the certified mailing was received on March 22, 2024 (prior to the April 17, 2024 removal). The tracking report shows that the mailed

item was "delivered to an individual" on March 22, 2024, but the individual is not identified, and there is no signature by the recipient.

Tara National and Burlington were also served. It was determined that Burlington was not the correct insurer, and Plaintiff moved to dismiss Burlington from the state court suit. Counsel for Tara National states in an affidavit (Doc. 26-1) that he notified Plaintiff's counsel on April 5, 2024 of his desire to remove the case. He had a telephone conference on that same date with the state clerk of court to verify which defendants had evidence of service in the record.

Plaintiff's counsel asked defense counsel to delay removal until Burlington was dismissed and Navigators added in its place. The attorneys also discussed whether defense counsel would also represent Saint Fleur Mackerson. Defense counsel states in his affidavit that Plaintiff's counsel suggested in a telephone call that if defense counsel were retained to represent Saint Fleur Mackerson that counsel should consider waiving formal service for the driver. An email from Plaintiff's counsel following an April 22 conversation said, "You further stated that you will not be representing Saint Markerson, who will have separate counsel assigned to him by Navigators." Doc. 27-1.

Defense counsel testifies that, immediately prior to filing the notice of removal on April 17, he searched the online records for the state court and confirmed that no affidavit of service had been filed to indicate service on Saint Fleur Mackerson. The notice of removal was then filed based on diversity of citizenship between Plaintiff (Louisiana), Tara National (Indiana) and Saint Fleur Mackerson (Florida). The amount in controversy was

also addressed. The notice alleged in paragraph 21 that the consent of Mackerson "is not required as he has not been served in this matter to date upon information and belief."

Plaintiff's counsel represents in his reply (Doc. 27) that prior to May 9, 2024 (post-removal) he had not researched whether Mackerson had been served. On that date, a diary reminder noted the approaching deadline for filing a motion to remand by May 17, so counsel began a review of the file to see if there was any basis for such a motion. He noted that Mackerson had not joined in the notice of removal. A review of Plaintiff's file showed no return of service for Mackerson, so counsel accessed the U.S.P.S. tracking website and learned on May 9, 2024 that the service papers addressed to Mackerson had been delivered. He then prepared and filed a motion to remand on May 16, 2024.

**Analysis**

When a civil action is removed based solely on diversity jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. §1446(b)(2)(A). Plaintiff filed a timely motion to remand and argued that the removal was procedurally deficient because Saint Fleur Mackerson had been properly joined and served but did not join in or consent to the removal within the removal period.

Defense counsel represents to the court that the name of the driver is actually Marckson Saint Fleur. He submits a "driver receipt" that is said to have been completed by the driver. It bears his signature and his printed name; both appear to be written by the same hand. The signature is not legible, but the printed name is Marckson Saint Fleur.

Doc. 24-2. The issue is whether the long arm delivery of a citation and the petition addressed to Saint Fleur Mackerson amounted to properly serving Marckson Saint Fleur.

Some courts held prior to 1999 that the removal period could be triggered by the delivery of a courtesy copy of a petition or other actual notice to a defendant that fell short of formal service. Those decisions were overturned by Murphy Bros., Inc. v. Michetti Pipe Stringing, 119 S.Ct. 1322 (1999), which interpreted Section 1446(b) to mean: "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." Id. at 1325. Accordingly, a named defendant's time to remove a case is triggered only by formal service and not mere receipt of the complaint unattended by formal service. The Court stated that formal service is "fundamental to any procedural imposition on a named defendant" and that "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." Id. at 1327. It follows, then, that proper, formal service is also required to trigger a defendant's obligation to join in or consent to removal. T.E. Const. Specialties, Inc. v. Vista Benefits, Inc., 2003 WL 22259075 (W.D. Tex. 2003).

The long arm service statute employed by Plaintiff provides that a certified copy of the citation and the petition shall be sent by counsel for the plaintiff to a defendant located outside of Louisiana by registered or certified mail or actually delivered by commercial courier. La. R.S. 13:3204. The citation must be signed by the clerk of court and must contain certain elements that include "[t]he name of the person to whom it is addressed"

and a statement that "the person cited" must comply with the demand in the petition or make an appearance, under penalty of default. La. C.C.P. art. 1202. The petition that is served "shall set forth the name, surname, and domicile of the parties" along with other requirements. La. C.C.P. art. 891(A).

"Citation and service thereof are essential in all civil actions," subject to some nonapplicable exceptions. La. C.C.P. art. 1201(A). "Without them all proceedings are absolutely null." Id. "[E]ven a defendant's actual knowledge of a legal action cannot supply the want of citation because proper citation is the foundation of all actions." Naquin v. Titan Indem. Co., 779 So.2d 704, 710 (La. 2001).

The "plaintiff must bear the burden of insuring correct citation," and if the citation "bears the wrong name of the person to whom it should be addressed, plaintiff, not defendant, must precipitate the correction by the clerk." Vicknair v. City of New Orleans, 522 So.2d 624, 626 (La. App. 4th Cir. 1988). When a judgment by default was rendered against a state agency that, at the time it was served with citation, had been replaced by a new agency with a different name, the resulting default judgment was set aside as a nullity. Talambas v. Louisiana State Bd. of Ed., 365 So.2d 1183 (La. App. 3d Cir 1978).

The petition filed in state court named as defendant Saint Fleur Mackerson. The long arm citation issued by the clerk of court was also directed to Saint Fleur Mackerson. Doc. 18. It now appears to be uncontested that Saint is not the driver's first name, Fleur is not his middle name, and Mackerson is not his last name or any part of his name. The driver's name is Marckson Saint Fleur, and no citation was issued to or served upon him in that name or one sufficiently close to be forgiven for current purposes.

A default judgment, for which proper citation is mandatory, against Marckson Saint Fleur would almost certainly be a nullity if the only service was made on the nonexistent Saint Fleur Mackerson. A minor misspelling or mistake may be forgiven, but the name in which citation was issued in this case was fundamentally wrong. The actual driver was not properly served, so his obligation to join in or consent to the removal was not triggered. A similar result was reached in Hayes v. Wal-Mart Stores, Inc., 2015 WL 9482896 (W.D. La. 2015) (Kay, M.J.), where service issued to Coca-Cola Bottling Company United, Inc. was held to not trigger the obligation of the correct and unserved defendant, Coca-Cola Refreshments USA, Inc., to join in or consent to removal. The delivery of Plaintiff's petition to the truck driver, which included a description of the accident, may have given the driver actual notice of the lawsuit, but under Murphy Bros. such notice, absent formal service, does not trigger a defendant's removal obligations.

Marckson Saint Fleur was not properly served prior to the filing of the notice of removal, so he was not required to join in or consent to the removal. This determination obviates the need to address the alternative argument of exceptional circumstances, which the undersigned addressed in a similar setting in Dupree v. Torin Jacks, Inc., 2009 WL 366332 (W.D. La. 2009) (the absence of proof of service on defendant in the state court record is a factor but not determinative in assessing whether exceptional circumstances exist to overlook a procedural defect).

Plaintiff invokes Ray v. Alexandria Mall, 434 So.2d 1083 (La. 1983) and related decisions that allow an amended petition that changes the identity of a defendant to relate back to the date of the filing of the original petition when certain factors are met. Those

decisions do not hold that service of the original petition on an incorrect or misnamed defendant is proper service on the actual defendant. Rather, they allow the plaintiff to potentially avoid a timeliness defense if the mistake if corrected by amendment and other factors are present. That line of cases has no application to the issue in this case, which is whether the service of a citation and petition directed to a nonexistent defendant amounted to proper service on and triggered the removal obligations of the actual defendant who received the service papers prior to removal. For the reasons stated above, the answer is no.

Accordingly,

It is recommended that Plaintiff's Motion to Remand (Doc. 22) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of July, 2024.

                                          Mark L. Hornsby
                                          U.S. Magistrate Judge