UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JA'VEL COLEMAN | CIVIL ACTION NO. 24-00512 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BURLINGTON INSURANCE CO ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (4) and (5) or, in the alternative, a Motion to Quash Service for Insufficiency of Service of Process. See Record Document 24. This motion was filed by Marckson Saint Fleur ("Fleur") against Plaintiff Ja'vel Coleman ("Coleman"). Coleman filed an opposition. See Record Document 28. Fleur replied. See Record Document 30. For the reasons stated below, Fleur's Motion to Dismiss is **GRANTED**. Thus, all claims against Fleur are **DISMISSED WITHOUT PREJUDICE** for inadequate service and based on the showing that there is no person with the name Saint Fleur Mackerson connected to this lawsuit. **IT IS FURTHER ORDERED** that Coleman is allowed 14 days from the filing of this Order to amend his Complaint to properly name Fleur as a defendant, and he must serve any newly added defendant within 90 days pursuant to Federal Rule of Civil Procedure 4(m).

**BACKGROUND**

On March 8, 2024, Coleman filed suit against the Burlington Insurance Company ("Burlington"), Tara National, Inc. ("Tara National"), and Saint Fleur Mackerson, alleging injuries from an automobile incident which occurred on May 10, 2023. See Record

Document 24-1 at 1. Tara National was served on March 18, 2024. See id. at 1–2. Burlington was dismissed without prejudice on April 16, 2024. See id. at 2. The case was timely removed to federal court on April 17, 2024, by Tara National. See id.

On May 16, 2024, Coleman filed a Motion to Remand, alleging that Saint Fleur Mackerson was served on March 22, 2024, and was required to join in the removal or consent to the removal in writing. See id. However, Fleur was incorrectly named as Saint Fleur Mackerson. See id.  The accident report included a space for the first, middle, and last names of the truck driver. See Record Document 33 at 2. The police officer who completed the report listed the truck driver as Saint Fleur Mackerson. See id. Fleur contends that since he was not properly named and cited, service was improper. See Record Document 24-1 at 2. Therefore, the claims against him should be dismissed under Federal Rules of Civil Procedure 12(b)(2), (4) and (5), or in the alternative, Coleman's alleged service upon Saint Fleur Mackerson should be quashed. See id. at 2–3.

In his opposition, Coleman asserts that Fleur was properly served. See Record Document 28 at 1. Service was made to a person whose name and address was found in the Louisiana State Police Crash Report. See id. Coleman maintains that even though the real name of the party is Markson Saint Fleur and not Saint Fleur Mackerson, service is still proper and should not be invalidated. See id. at 2.

In his reply, Fleur asserts that Louisiana jurisprudence has found service to be insufficient when the wrong party has been named and requires the plaintiff to amend to name the correct party in similar circumstances. See Record Document 30 at 2. Additionally, none of the cases cited by Coleman support his assertions. See id. at 3.

Fleur contends that the incorrect naming of a defendant in a case is not minor; thus, his motion should be granted. See id.

The issue of service was considered and ruled upon in Magistrate Judge Hornsby's Report and Recommendation, which Judge Hicks adopted. See Record Documents 33 & 43. The Court held that Fleur was not properly served prior to the filing of the notice of removal, so he was not required to join in or consent to the removal. See Record Document 33 at 7. Coleman's line of cases has no application to the issue in this case. See id. at 8. Ultimately, the Court found that service of a citation and petition directed to a nonexistent defendant does not amount to proper service and does not trigger the removal obligations of the actual defendant who received the service papers prior to removal. See id.

## LAW AND ANALYSIS

**I. Legal Standards.**

Federal Rule of Civil Procedure 12(b) provides the various ways to present defenses. Fleur asserted the following defenses by motion under Rule 12(b): (2) lack of personal jurisdiction; (4) insufficient process; and (5) insufficient service of process. FED. R. CIV. P. 12(b)(2), (4), (5).

Under 28 U.S.C. § 1446(b)(2)(A), when a civil action is removed based solely on diversity jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action." Prior to 1999, some courts held that the removal period could be triggered by the delivery of a courtesy copy of a petition or other actual notice to a defendant that fell short of formal service. Those decisions were

overturned by Murphy Bros., Inc. v. Michetti Pipe Stringing, 526 U.S. 344, 119 S. Ct. 1322 (1999), which interpreted § 1446(b) to mean: "An individual or entity named as a defendant is not obliged to engage in litigation unless notifes of the action, and brought under the court's authority, by formal process." Id. at 345, 1325. The Court stated that formal service is "fundamental to any procedural imposition on a named defendant" and that "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." Id. at 350, 1327. Thus, proper formal service is also required to trigger a defendant's obligation to join in or consent to removal. See T.E. Const. Specialties, Inc. v. Vista Benefits, Inc., No. SA03CA184-XR, 2003 WL 22259075 (W.D. Tex. Sept. 23, 2003).

Louisiana Revised Statutes § 13:3204 provides that a certified copy of the citation and petition shall be sent by counsel for the plaintiff to a defendant located outside of Louisiana by registered or certified mail or actually delivered by commercial courier. The citation must be signed by the clerk of court and contain certain elements that include "[t]he name of the person to whom it is addressed" and a statement that "the person cited" must comply with the demand in the petition or make an appearance, under penalty of default. LA. CODE CIV. PROC. art. 1202. The petition that is served "shall set forth the name, surname, and domicile or the parties" along with other requirements. LA. CODE CIV. PROC. art. 891(A). "Citation and service thereof are essential in all civil actions," subject to some nonapplicable exceptions. LA. CODE CIV. PROC. art. 1201(A).

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court…must dismiss the action without prejudice against that defendant or

4

order that service be made within a specified time." FED. R. CIV. P. 4(m). The "plaintiff must bear the burden of insuring correct citation," and if the citation "bears the wrong name of the person to whom it should be addressed, plaintiff, not defendant, must precipitate the correction by the clerk." Vicknair v. City of New Orleans, 522 So. 2d 624, 626 (La. App. 4th Cir. 1988).

**II. Analysis.**

This Court adopts the reasons stated in Judge Hornsby's Report and Recommendation as its basis for granting Fleur's Motion to Dismiss. The Report and Recommendation referenced Hayes v. Wal-Mart Stores, a case that dealt with similar issues. See Record Document 33 at 7 (citing No. 15-2413, 2015 WL 9482896 (W.D. La. Dec. 28, 2015)). In Hayes, the district court held that service issued to Coca-Cola Bottle Company United, Inc. did not trigger the obligation of the correct and unserved defendant, Coco-Cola Refreshment USA, Inc., to join in or consent to removal. See id. In the instant case, service to Saint Fleur Mackerson does not trigger the obligation of the correct and unserved defendant Fleur to join in or consent to removal. See id. This Court agrees with Judge Hornsby's analysis.

No citation was issued to or served upon Fleur with the correct name. Since Fleur was not properly served prior to the filing of the notice of removal, he was not required to join in or consent to the removal. A minor misspelling or mistake may be forgiven, but the name in which the citation was issued in this case is fundamentally wrong.

## CONCLUSION

Based on the foregoing analysis, Fleur's Motion to Dismiss is **GRANTED**. All claims against him are thereby **DISMISSED WITHOUT PREJUDICE** for inadequate service for the reasons stated in the Report and Recommendation, which as been adopted by this Court.

**IT IS FURTHER ORDERED** that all claims against Fleur are **DISMISSED WITHOUT PREJUDICE** based on the showing that there is no person with the name Saint Fleur Mackerson connected to this lawsuit. Thus, Coleman has 14 days from the filing of this Order to amend his Complaint and properly name Fleur as a defendant. Coleman must serve any newly added defendant within 90 days pursuant to Federal Rule of Civil Procedure 4(m).

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 29th day of October, 2024.

*[signature]*

S.MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT