**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| JA'VEL COLEMAN | CIVIL ACTION NO. 24-0512 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BURLINGTON INSURANCE CO, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Plaintiff Ja'Vel Coleman's ("Coleman") <u>Daubert</u> Motion to Exclude the Expert Testimony of Keith Wilson ("Wilson"). <u>See</u> Record Document 102. Defendants Tara National, Inc. ("Tara National"), Marckson Saint Fleur ("Saint Fleur"), and Navigators Insurance Company ("Navigators") (collectively, "Defendants") oppose the Motion. <u>See</u> Record Document 120. Coleman replied. <u>See</u> Record Document 123. For the reasons set forth below, the Motion is **GRANTED IN PART and DENIED IN PART.**

**FACTUAL BACKGROUND**

This litigation arises from a motor vehicle accident that occurred during the early morning hours of May 10, 2023, on Interstate 20 in Bienville Parish, Louisiana. <u>See</u> Record Document 16 at 1. Coleman alleges that she sustained injuries when her vehicle struck the rear of a tractor-trailer operated by Saint Fleur. <u>See id.</u> at 3.

During discovery, Defendants retained Wilson as an expert in the areas of commercial trucking operations, motor carrier safety practices, and Federal Motor Carrier Safety Administration ("FMCSA") regulations. Wilson issued opinions regarding Tara National's safety management practices, Saint Fleur's conduct leading up to the accident, and the applicability of certain FMCSA regulations.

Coleman now seeks to exclude Wilson's testimony under Federal Rule of Evidence 702 and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). Coleman argues that Wilson's testimony should be excluded because: (1) he has never been qualified as an expert witness in any court; (2) he lacks the academic foundation necessary to provide opinions about motor carrier safety management, regulations, and driver conduct; (3) his opinion regarding the absence of FMCSA violations was formed without reviewing any documentation; (4) his opinion regarding the non-preventability of the crash has no bearing on civil liability; and (5) his opinion that the FMCSA regulations apply to Tara National is an undisputed fact not requiring expert testimony. <u>See</u> Record Document 102.

**LAW AND ANALYSIS**

### I.    Applicable Standards

The admissibility of expert testimony is governed by Federal Rules of Evidence 702 and 703 and the standards articulated in <u>Daubert</u>. <u>See</u> 509 U.S. 579. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. According to the <u>Daubert</u> Court, Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. Pertinent evidence based on scientifically valid principles will satisfy those demands." 509 U.S. at 597; <u>see</u> Fed. R. Evid. 702.

Rule 703 provides that "[a]n expert may base an opinion on facts or data … that the expert has been made aware of or personally observed." Fed. R. Evid. 703. Additionally, Rule 703 states that those facts or data need not be admissible for the opinion of the expert to be admissible. See id. However, when the underlying facts or data are inadmissible, they may be disclosed to the jury "only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Id.

Daubert provided an illustrative list of factors for courts to use when evaluating an expert's reliability. See Jackson v. N. Caddo Hosp. Serv. Dist., 2024 WL 697587, at *2 (W.D.La., 2024) (citing Daubert, 509 U.S. at 592–94). The factors include "whether [the expert's opinion] has been subjected to peer review and publication, its known or potential error rate and the existence and maintenance of standards controlling its operation, and whether it has attracted widespread acceptance within a relevant scientific community." Daubert, 509 U.S. at 580. The Daubert Court added, that "[t]he inquiry is a flexible one …." Id. "In short, expert testimony is admissible only if it is both relevant and reliable." Pipitone v. Biomatrix, Inc., 288 F.3d 239, 244 (5th Cir. 2002).

The Fifth Circuit has emphasized that expert testimony must be grounded in "the methods and procedures of science" rather than "subjective belief or unsupported speculation." Moore v. Ashland Chem., Inc., 151 F.3d 269, 275 (5th Cir. 1998). The proponent of the expert testimony bears the burden of proving its admissibility by a preponderance of the evidence. See id. at 276. However, the proponent need not prove that the expert's opinion is correct, but only that it is reliable. See id.

Ultimately, the Court must determine whether the expert is qualified, whether the methodology is reliable, and whether the testimony will assist the trier of fact. If these

3

conditions are not met, exclusion is warranted, but "[t]he rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702, advisory committee's note (2000).

**II.    Analysis**

a. <u>Qualifications</u>

The Court first addresses whether Wilson is qualified to offer expert testimony concerning motor carrier safety practices and FMCSA regulations. Wilson's curriculum vitae reflects experience as a commercial truck driver, an operations manager and compliance officer, and a director of safety. <u>See</u> Record Document 102-3 at 22–25. Additionally, Wilson has experience overseeing compliance with FMCSA regulations, reviewing driver qualifications and developing driver safety programs, investigating accidents, and maintaining FMCSA-required records. <u>See id.</u> He also holds certification as a Director of Safety through the North American Transportation Management Institute. <u>See id.</u>

Coleman argues that Wilson lacks formal academic training in transportation safety and has not previously testified as an expert witness. <u>See</u> Record Document 102. However, Rule 702 expressly permits qualification through "knowledge, skill, experience, training, or education." The Court finds that Wilson's substantial practical experience in commercial trucking operations and safety compliance provides sufficient specialized knowledge to assist the jury regarding trucking-industry practices and the application of FMCSA regulations. Accordingly, Wilson is qualified to offer expert opinions within those areas.

b. <u>Opinions Regarding Tara National's Safety Management Practices</u>

Coleman argues that Wilson's opinions regarding the adequacy of Tara National's safety management controls should be excluded because they were formed without reliable methodology and without reviewing the necessary documentation. <u>See</u> Record Document 102-1 at 4–7. Specifically, Coleman contends that Wilson relied heavily on Tara National's FMCSA "unrated" status while failing to consider a subsequent FMCSA compliance review that resulted in a conditional rating. <u>See id.</u> The Court agrees in part.

Wilson reviewed FMCSA records, including information available through the SAFER database, and relied upon those records in forming his opinions. <u>See</u> Record Document 120 at 7–9. To the extent Wilson intends to testify regarding Tara National's regulatory status, the absence of reported FMCSA violations, the meaning of an "unrated" carrier designation, or the information reflected in the records he reviewed, such testimony is sufficiently supported by the materials he considered and may assist the jury in understanding the applicable regulatory framework.

However, the Court finds that Wilson's opinions must remain within the bounds of the information he actually reviewed. Wilson did not review the categories of safety-management records that would permit him to assess the adequacy of Tara National's internal safety practices. Accordingly, while Wilson may testify regarding Tara National's regulatory status and the absence of reported FMCSA violations, he may not extrapolate from those facts to offer broader opinions that Tara National's safety management controls were adequate.

The Court finds that the compliance review resulting in a "conditional" rating may be explored through cross-examination. The existence of the later review does not render

Wilson's methodology inadmissible, but it does show why Wilson's testimony should be confined to the regulatory information he actually reviewed rather than broader conclusions about the adequacy of Tara National's internal safety-management practices. Accordingly, the Motion is **GRANTED** to the extent Wilson shall not offer independent opinions that Tara National maintained adequate or satisfactory safety management controls beyond what can be supported by the records he reviewed.

    c.   <u>Opinions Regarding Reasonableness of Saint Fleur's Conduct</u>

Coleman next argues that Wilson's opinion that Saint Fleur's conduct was reasonable should be excluded because it was based solely on Saint Fleur's self-serving deposition testimony. <u>See</u> Record Document 102-1 at 7–9. However, the Court finds that exclusion is not warranted.

Wilson's report reflects that he reviewed materials beyond Saint Fleur's deposition testimony, including the Louisiana Uniform Motor Vehicle Crash Report, body-camera footage, witness testimony, and other discovery materials. <u>See</u> Record Document 120-2. While Coleman disputes the conclusions Wilson drew from those materials, such disagreement does not establish that Wilson employed an unreliable methodology. To the extent Coleman contends that Saint Fleur's account is inaccurate or self-serving, those arguments are properly directed to the weight of Wilson's opinions rather than their admissibility. <u>See</u> <u>Daubert</u>, 509 U.S. at 596. The credibility of Saint Fleur's testimony is a matter for the jury. However, Wilson may not offer testimony that suggests to the jury that they should find Saint Fleur credible or instructs them on how disputed factual issues should be resolved. Similarly, Wilson may not offer legal conclusions that Saint Fleur was "not negligent" or otherwise satisfied the applicable legal standard of care. Accordingly,

subject to the limitations outlined above, the Court declines to exclude Wilson's opinions concerning Saint Fleur's conduct.

    d.  <u>Opinions Regarding Non-Preventability Classification</u>

Next, Coleman argues that Wilson's opinion regarding the non-preventability of the crash has no bearing on civil liability and should therefore be excluded. <u>See</u> Record Document 102-1 at 9–10. The Court agrees.

The FMCSA Crash Preventability Determination Program ("CPDP") is an administrative program utilized by the FMCSA for regulatory and safety-rating purposes. Whether an accident may qualify for consideration under that program does not determine whether a party acted negligently under Louisiana law or whether any alleged negligence caused Coleman's injuries. Thus, introduction of the fact that the crash was determined as non-preventable under the CPDP is irrelevant to the issues before the jury and risks confusing the applicable legal standard. <u>See</u> <u>Swift Transportation Co., Inc. v. Amenounve</u>, No. 4:09-CV-4, 2011 WL 13349660 (M.D. Pa. May 3, 2011). Accordingly, the Court finds that any limited probative value associated with such testimony is substantially outweighed by the risk of juror confusion. <u>See</u> Fed. R. Evid. 403. Wilson shall not testify that the accident qualifies as a non-preventable crash under the CPDP, nor shall he offer opinions concerning how the FMCSA might classify the accident for administrative purposes.

    e.  <u>Opinions on Applicability of FMCSA Regulations</u>

Finally, Coleman argues that Wilson's opinion that the FMCSA regulations apply to Tara National should be excluded because it is an undisputed fact not requiring expert

testimony. <u>See</u> Record Document 102-1 at 10–11. The Court disagrees that exclusion is warranted.

Wilson was retained to provide opinions concerning commercial trucking operations, motor carrier safety practices, and compliance with FMCSA regulations. To the extent Wilson intends to explain the purpose of FMCSA regulations within the commercial trucking industry, such testimony may assist the jury in understanding the regulatory framework applicable to motor carriers and commercial drivers. <u>See</u> Fed. R. Evid. 702(a). Likewise, Wilson may offer opinions regarding whether the conduct at issue was consistent with industry practices and the FMCSA regulations he reviewed. However, Wilson may not offer testimony that instructs the jury on the law or provides legal conclusions.

## CONCLUSION

Based on the reasons explained above, Coleman's <u>Daubert</u> Motion (Record Document 102) is **GRANTED IN PART and DENIED IN PART**. The Motion is **GRANTED** to the extent that:

(1)     Wilson may testify regarding Tara National's absence of reported FMCSA violations, its "unrated" carrier designation, and the information reflected in the records he actually reviewed, but he may not offer broader opinions that Tara National maintained adequate safety management controls beyond what can be supported by those records;

(2)     Wilson may not offer testimony regarding the credibility of Saint Fleur or other witnesses, nor may he offer legal conclusions, including opinions

8

regarding negligence, fault, or compliance with the applicable legal standard of care; and

(3)    Wilson may not testify that the accident qualifies as a non-preventable crash under the FMCSA CPDP nor may he offer opinions concerning how the FMCSA might classify the accident for administrative purposes.

The Motion is **DENIED** in all other respects.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of July, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT