**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

JA'VEL COLEMAN                          CIVIL ACTION NO. 24-0512

VERSUS                                  JUDGE S. MAURICE HICKS, JR.

BURLINGTON INSURANCE                    MAGISTRATE JUDGE HORNSBY
CO, ET AL.

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 106) filed by Defendant, Marckson Saint Fleur ("Saint Fleur"). The motion is fully briefed. See Record Documents 124 & 130. Defendant Tara National, Inc. ("Tara National") has also filed a Motion for Summary Judgment (Record Document 107), which is fully briefed. See Record Documents 125 & 131. Additionally, Defendant Navigators Insurance Company ("Navigators") has filed a Motion for Summary Judgment (Record Document 108). Plaintiff, Ja'Vel Coleman ("Coleman") has opposed the Motion (Record Document 126), but Navigators did not reply. For the reasons set forth below, the Motions (Record Documents 106, 107, & 108) are **GRANTED**.

**FACTUAL BACKGROUND**

This litigation arises from a motor vehicle accident that occurred during the early morning hours of May 10, 2023, on Interstate 20 in Bienville Parish, Louisiana. See Record Document 16 at 1. Coleman alleges that she sustained serious injuries when her vehicle collided with the rear of a tractor-trailer operated by Saint Fleur and owned by Tara National and insured by Navigators. See id. at 3.

According to Saint Fleur, while traveling westbound on Interstate 20, he began experiencing mechanical issues with his tractor-trailer, including a hissing sound, smoke

coming from beneath the hood, and the engine derating. See Record Document 106-4 at 49–54. After the engine shut down twice, Saint Fleur contends that he activated his emergency lights, pulled the tractor-trailer onto the shoulder of Interstate 20, contacted dispatch, and deployed reflective warning triangles. See id. at 59–67. After that, he remained in the sleeper cab awaiting assistance before the collision occurred. See id. at 66–67.

Coleman was travelling to work down Interstate 20 when her vehicle left the travel lane and struck the rear of Saint Fleur's tractor-trailer. Coleman testified that she has no memory of the accident itself. See Record Document 106-8 at 12. As a result of the collision, Coleman sustained numerous injuries, including fractures to her right shoulder, left wrist, pelvis, hip, ribs, and sternum, and subsequently underwent multiple surgeries. See id. at 13–15.

Coleman filed suit against Saint Fleur, Tara National, and Navigators alleging that Saint Fleur negligently operated and stopped the tractor-trailer, thereby causing the accident and her resulting injuries. See Record Document 16. Saint Fleur now moves for summary judgment, arguing that the evidence establishes that Coleman was solely at fault for the accident because she left the travel lane and rear-ended his properly parked tractor-trailer. See Record Document 106-1. Additionally, Saint Fleur argues that Coleman cannot overcome the presumption of negligence against a rear-ending motorist. See id. at 6–8. Coleman opposes the Motion, contending that genuine issues of material fact remain regarding whether Saint Fleur acted reasonably after experiencing mechanical issues, whether he selected a reasonably safe location to stop, whether the tractor-trailer

2

encroached onto the travel lane, and whether he adequately warned approaching motorists. See Record Document 124.

## LAW AND ANALYSIS

### I.    Applicable Standards

A court should grant a motion for summary judgment when the pleadings "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In applying this standard, the court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart Louisiana, L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id. If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex, 477 U.S. at 323). In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the

3

record as a whole "could not lead a rational trier of fact to find for the non-moving party...." Id.

## II.    Analysis

### a.  Applicable Substantive Law

This Court's jurisdiction is based on diversity of citizenship. Accordingly, the Court applies federal procedural law and Louisiana substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). Louisiana negligence law is analyzed under the duty-risk framework:

> The determination of liability in a negligence case usually requires proof of five separate elements: duty, breach of duty, cause-in-fact, scope of liability or scope of protection, and damages. "The first element is usually a judge question, and the other four are usually jury questions unless reasonable minds could not differ."

Griffin v. Kmart Corp., 776 So. 2d 1226, 1231 (La. App. 5th Cir. 2000) (internal citations omitted).

Under Louisiana law, "[a] motorist must 'keep his vehicle under control' while 'maintain[ing] a proper lookout for hazards which[,] by the use of ordinary care and observation[,] he should be able to see in time to avoid running into them.'" Smith v. State Farm Mut. Automobile Ins. Co., No. CV 24-799-JWD-SDJ, 2025 WL 3210816, at *6 (M.D. La. Nov. 17, 2025) (citing Sinitiere v. Lavergne, 391 So. 2d 821, 826 (La. 1980)). In Louisiana, "a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in La. Rev. Stat. Ann. 32:81 and hence is presumed negligent." Mart v. Hill, 505 So. 2d 1120, 1123 (La. 1987).

However, the rear-ending driver can rebut the presumption of negligence by showing that "he had his vehicle under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances; the following motorist may also

4

avoid liability by proving that the driver of the lead vehicle negligently created a hazard that he could not reasonably avoid." Eastman v. State Farm Mut. Automobile Ins. Co., 384 So. 3d 865, 874 (La. 2024), reh'g denied, 387 So. 3d 547 (La. 2024).

Even if the rear-ending motorist cannot rebut the presumption of negligence, the application of the presumption "does not preclude the consideration of comparative fault." Id. "[N]otwithstanding the presumption of negligence, a favored motorist can still be assessed with comparative fault if his or her substandard conduct contributed to the cause of the accident." Leblanc v. Bouzon, 159 So. 3d 1144, 1147 (La. App. 3d Cir. 2015) (citing Graffia v. Louisiana Farm Bureau Casualty Insurance Co., 6 So. 3d 270, 274 (La. App. 1st Cir. 2009)).

b. Analysis

The Court first concludes that the rear-end presumption of negligence applies in this case. It is undisputed that Coleman left her lane of travel and struck the rear of Saint Fleur's tractor-trailer which was stopped completely within the emergency right shoulder of the highway. Coleman is presumed negligent under Louisiana law. The Court further concludes that Coleman has failed to rebut that presumption.

The first method of rebutting the presumption requires the following motorist to establish that she maintained proper control of her vehicle, closely observed the preceding vehicle, and followed at a safe distance under the circumstances. See Eastman, 384 So. 3d at 874. Coleman testified that she has no memory of the accident itself. See Record Document 106-8 at 12. In Master Trooper Jeffery Walker's body camera footage, Coleman can be heard stating that she may have looked down or fallen asleep. See Record Document 116. The only independent eyewitness, Gary Cooper

("Cooper"), testified that he observed Coleman's vehicle swerving for several miles before the collision and did not observe her brake before striking the rear of Saint Fleur's trailer. See Record Document 106-5 at 14–17. Coleman has produced no evidence demonstrating that she maintained proper control of her vehicle, kept a proper lookout, or otherwise exercised reasonable care immediately before the collision.

The second method recognized by the Louisiana Supreme Court for rebutting the rear-end presumption is by proving that "the driver of the lead vehicle negligently created a hazard that he could not reasonably avoid." Eastman, 384 So. 3d at 874. Coleman has failed to produce evidence from which a reasonable jury could conclude that Saint Fleur created an unavoidable hazard. As discussed below, each of Coleman's theories of negligence rests upon speculation rather than affirmative evidence contained in the summary judgment record. Accordingly, Coleman has failed to rebut the presumption of negligence applicable to rear-end collisions.

Although the Court finds that Coleman has failed to rebut the rear-end presumption, the inquiry does not end there. As the Louisiana Supreme Court recently recognized in Eastman, the application of the rear-end presumption does not foreclose comparative fault.[1] See id. Thus, the Court must determine whether Coleman has produced sufficient evidence from which a reasonable jury could allocate any percentage of fault to Saint Fleur. The Court concludes that she has not.

Coleman contends that genuine issues of material fact remain regarding whether Saint Fleur acted reasonably after experiencing mechanical difficulties, whether he timely

---

[1] The Court notes that although the Louisiana Legislature has replaced Louisiana's pure comparative fault system with a modified comparative fault system, those amendments apply only prospectively to causes of action arising on or after January 1, 2026. Because the accident giving rise to this litigation occurred in 2023, the pure comparative fault system governs this case.

stopped the tractor-trailer, whether he adequately warned approaching motorists, whether the tractor-trailer was safely positioned on the shoulder, and whether his account of the events preceding the collision is supported by the objective evidence. See Record Document 124. The Court has carefully reviewed the summary judgment record and concludes that Coleman has failed to produce sufficient evidence from which a reasonable jury could allocate fault to Saint Fleur.

First, Coleman challenges Saint Fleur's account that he experienced mechanical difficulties requiring him to stop on the shoulder of Interstate 20. Coleman notes that there is no independent documentation establishing the existence of a mechanical failure. See Record Document 124 at 15. However, the absence of corroborating documentation is not affirmative evidence that no mechanical emergency occurred. Saint Fleur testified that he heard a hissing sound, observed smoke coming from beneath the hood, experienced engine derating, and that the engine shut down twice before he pulled onto the shoulder. See Record Document 106-4 at 49-59. Coleman identifies no witness testimony, maintenance records, inspection reports, expert opinions, or other competent evidence contradicting that account. Instead, Coleman asks the Court to infer that the mechanical emergency did not exist because it was not independently documented. However, this speculative possibility does not create a genuine issue of material fact.

Next, Coleman contends that Saint Fleur failed to adequately warn approaching motorists. Again, however, the record contains no affirmative evidence supporting that contention. Saint Fleur testified that he turned on his emergency lights and deployed reflective warning triangles before going into the sleeper cab. See Record Document 106-4 at 98 & 109. Moreover, Record Document 116 contains Master Trooper Jeffery Walker's

7

body camera footage recorded shortly after the collision, which shows at least one reflective triangle positioned behind the truck. Additionally, Record Document 106-6 at 86 contains a photograph of all three triangles placed varying distances behind the truck.

Coleman primarily relies upon Cooper's testimony that he did not recall seeing the triangles before the collision. See Record Document 128-4 at 26. However, Cooper did not testify that the triangles were absent, nor did he testify that he observed Saint Fleur deploy them after the accident. Cooper's inability to recall seeing the triangles is not affirmative evidence that the triangles were not present.

Finally, Coleman has not produced affirmative evidence that Saint Fleur improperly positioned the tractor-trailer or otherwise created an unavoidable hazard. The body camera footage depicts the tractor-trailer entirely on the shoulder of Interstate 20. See Record Document 116. Likewise, Saint Fleur testified that he pulled the tractor-trailer completely onto the shoulder, and Cooper testified that the tractor-trailer was located outside the white fog line. See Record Documents 106-4 at 119 & 128-4 at 27. Coleman points to no witness testimony, measurements, photographs, or expert opinion establishing that any portion of the tractor-trailer obstructed the travel lane.

Moreover, the undisputed evidence demonstrates that the alleged hazard was avoidable. The record establishes that Interstate 20 consisted of two travel lanes at the location of the accident. See Record Document 116. Coleman has produced no evidence that traffic conditions prevented her from remaining in her lane of travel or moving into the adjacent lane. Accordingly, Coleman has failed to produce evidence that Saint Fleur created a hazard that she could not reasonably avoid.

Coleman's opposition repeatedly argues that a jury may disbelieve Saint Fleur's testimony. While credibility determinations ordinarily belong to the jury, the mere possibility that a jury may reject a witness's testimony does not itself create a genuine issue of material fact. Coleman was required to designate specific facts demonstrating a genuine issue for trial. See Celotex, 477 U.S. at 324. However, Coleman has failed to do so. Rather, she points to perceived inconsistencies, the absence of corroborating documentation, and speculative theories without producing affirmative evidence supporting those theories.

Ultimately, Coleman's theory of comparative fault rests on the contention that Saint Fleur should not have been stopped on the shoulder of Interstate 20 at the time and location of the collision. However, Louisiana law recognizes that a commercial driver experiencing a mechanical emergency may stop on the shoulder when reasonably necessary. See La. R.S. 32:296(A)–(B) (permitting stopping on the shoulder in an emergency); see also La. R.S. 32:368 (requiring disabled trucks stopped on the highway or shoulder to display warning devices). Coleman has produced no affirmative evidence that Saint Fleur was not experiencing the mechanical difficulties he described or that his response to those circumstances was unreasonable.

Accordingly, although the application of the rear-end presumption does not foreclose comparative fault, Coleman has failed to produce competent summary judgment evidence from which a reasonable jury could conclude that Saint Fleur breached a duty owed to Coleman or otherwise negligently created a hazard that Coleman could not reasonably avoid. Therefore, Saint Fleur is entitled to judgment as a matter of law.

c. Tara National

The Court's conclusion that Saint Fleur is entitled to summary judgment also resolves the claims asserted against Tara National. To the extent Coleman seeks to hold Tara National vicariously liable for Saint Fleur's alleged negligence, that claim fails because vicarious liability requires underlying tortious conduct by the employee. See Martin v. Thomas, 346 So. 3d 238, 248 (La. 2022). Because the Court has concluded that Saint Fleur is entitled to summary judgment, there is no underlying tort upon which Tara National's vicarious liability can be predicated. Accordingly, Tara National is entitled to summary judgment on Coleman's vicarious liability claim.

The same result follows with respect to Coleman's claims for negligent hiring, supervision, retention, and training. In Martin, the Louisiana Supreme Court explained that "an employer can *only* be liable under theories of negligent hiring, supervision, training and retention, and negligent entrustment *if* the employee is at fault, and that the employer cannot be liable if the employee is not at fault." Id. at 247 (italicized in original). Because the Court has concluded that Saint Fleur is entitled to summary judgment, Coleman cannot establish an essential element of her negligent hiring, supervision, retention, and training claims against Tara National. Accordingly, Tara National's Motion for Summary Judgment (Record Document 107) is **GRANTED**.

d. Navigators

Because Navigators' alleged liability is purely derivative of the liability of its insureds, and the Court has concluded that neither Saint Fleur nor Tara National may be held liable, Navigators is also entitled to summary judgment. Accordingly, Navigators' Motion for Summary Judgment (Record Document 108) is **GRANTED**.

## CONCLUSION

For the reasons explained above, the Motion for Summary Judgment (Record Document 106) filed by Saint Fleur is **GRANTED**. The Motion for Summary Judgment (Record Document 107) filed by Tara National is **GRANTED**. The Motion for Summary Judgment (Record Document 108) filed by Navigators is **GRANTED**. All claims asserted by Coleman against all Defendants are **DISMISSED WITH PREJUDICE**. Coleman's Motion for Sanctions (Record Document 114) is **DENIED AS MOOT** in light of the dismissal of all claims against Tara National.

A judgment consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of July, 2026.

_____

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT